UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

CASE NO.: 14-23101

NAVIGATORS MANAGEMENT
COMPANY, INC. a/s/o CE NORTH
AMERICA, LLC. and NAVIGATORS
INSURANCE CO., INC a/s/o
CE NORTH AMERICA, LLC.,

  Plaintiffs,

vs.

A.W.L.I. GROUP OF FLORIDA, INC.,
A.W.L.I. GROUP, INC. d/b/a
AMBER WORLDWIDE LOGISTICS
and CMA CGM,

  Defendants.
_____/

## NOTICE OF REMOVAL

COMES NOW Defendant, CMA CGM, S.A. ("CMA CGM"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby file this its Notice of Removal of this action styled NAVIGATORS MANAGEMENT COMPANY, INC. a/s/o CE NORTH AMERICA, LLC. and NAVIGATORS INSURANCE CO., INC a/s/o CE NORTH AMERICA, LLC., Plaintiffs, vs. A.W.L.I. GROUP OF FLORIDA, INC. ("A.W.L.I FLORIDA"), A.W.L.I. GROUP, INC. d./b/a AMBER WORLDWIDE LOGISTICS ("A.W.L.I. INC.") and CMA CGM, Defendants, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida. As required by 28 U.S.C. § 1446, Defendant sets forth a short and plain statement of the grounds for this removal and attach copies of all process, pleadings and orders served upon them in this action. CMA CGM submits to this Court that this action is properly removable under 28 U.S.C. § 1441, 28 USC §1337, 28 USC §1331 and/or 28 USC §1333.

Pursuant to 28 USC §1337, the District Courts have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopoly if the matter in controversy for each receipt or bill of lading exceeds US$10,000.00, exclusive of interest and costs. As set forth by the Fifth Circuit in *Uncle Ben's v. Hapag-Lloyd*, 855 F.2d 215 (5th Cir. 1988), this action is governed by the Harter Act, 46 U.S.C. §30701 et seq. and/or the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701 Note (2007). As stated by the Fifth Circuit in *Hapag-Lloyd*:

> The Harter Act, governing a shipper's custody or care of property during the pre-loading phase, is federal legislation regulating commerce. *Ford Motor Co. v. Wallenius Lines*, 476 F. Supp. 1362 (Ed. Va. 1979). As such, the action involving its provisions could have been brought originally in Federal Court and, thus, was removable under 28 USC §1441 and §1337.

From the face of Plaintiff's Complaint, it is apparent that the Plaintiff's claim against CMA CGM is governed by COGSA and/or by the Harter Act, both of which constitute federal legislation regulating commerce, thus rendering the action removable under 28 USC §1337; *see also, Polo Ralph Lauren v. Tropical Shipping & Const. Co. Ltd.*, 215 F.3d 1217, 1219-20 (11th Cir. 2000) (COGSA governs all contracts of carriage by sea to and from ports of the United States in foreign trade; provides the exclusive remedy and preempts all state law and tort claims, *inter alia*, negligence and bailment); *Modern Office System, Inc. v. Aim Caribbean Express, Inc.*, 802 F. Supp. 617, 621 (D.P.R. 1992) ("[A]n action for loss of damage to cargo during maritime transportation necessarily arises under the Harter Act or COGSA, as the case may be."). Plaintiff has alleged that CMA CGM was acting as a common carrier for hire and was the owner/operator of the vessel used to transport the shipment in question and has further alleged that CMA CGM is liable under COGSA for damages arising out of a shipment of canned fruit from Ningbo, China to Miami, Florida which allegedly was damaged.

Under the same set of facts, Co-Defendants A.W.L.I. FLORIDA and A.W.L.I. INC. have been sued under COGSA based on their status as non-vessel-operating common carriers ("NVOCC"). An ocean transportation intermediary (OTI) is defined in 46 C.F.R. § 515.2(o) and includes non-vessel operating common carriers (NVOCC). An NVOCC is defined as a common carrier that does not operate a

vessel by which the ocean transportation is provided, and is a shipper in its relationship with an ocean common carrier. 46 CFR § 515.2(o)(2). An NVOCC consolidates cargo from numerous shippers into larger groups for shipment by an ocean carrier. *See Prima U.S. Inc. vs. Panalpina. Inc.*, 223 F. 3d. 126, 129 (2d Cir. 2001). Similar to ocean carriers such as CMA CGM, NVOCC's are subject to COGSA.

CMA CGM states that this action is being removed within thirty (30) days of service of process from the date of service and is otherwise properly removable. Here, Plaintiff has attached a copy of the front side of A.W.L.I's bill of lading but has not attached a copy of the reverse side containing the terms and conditions of carriage, including the "Himalaya Clause"[1].

CMA CGM was served on August 1, 2014; A.W.L.I. FLORIDA was served on August 1, 2014; A.W.L.I INC. was served on August 14, 2014. CMA CGM has attached as Exhibit "A" a copy of all process, pleadings, and orders filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

CMA CGM has filed a Notice of Filing Notice of Removal with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida as appears from Exhibit "B" attached hereto. Pursuant to the provisions of 28 U.S.C. 1446, Defendant is promptly giving written notice of this removal to counsel for Plaintiff and filing a copy of the Notice with the Clerk of the Circuit Court in and for Miami Dade County as required by law.

Co-Defendants A.W.L.I. GROUP OF FLORIDA, INC. and A.W.L.I. GROUP, INC. d/b/a AMBER WORLDWIDE LOGISTICS have consented to the removal pursuant to their respective consents to removal. (Please see attached Exhibit "C").

WHEREFORE, Defendant CMA CGM, submits that this action is being properly removed.

---

[1] A "Himalaya Clause" is an express provision in a bill of lading that extends the COGSA defenses and protections to an ocean carrier's agents and contractors who participate in the shipment of goods. *See Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 30-31 (2004); *Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd.*, 254 F.3d 987, 994 (11th Cir. 2001).

*/s/Damon T. Hartley*
Damon T. Hartley
Fla. Bar No. 41136
Jan M. Kuylenstierna
Fla. Bar No. 375985
Charles G. De Leo
Fla. Bar No. 353485
Ryon L. Little
Fla. Bar No. 26402
De Leo & Kuylenstierna, P.A.
8950 SW 74th Court
Suite 1710
Miami, Florida 33156
Telephone:  (786) 332-4909
Facsimile:   (786) 518-2849
Attorneys for CMA CGM S.A.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via electronic mail August 22, 2014 on all parties on the attached service list.

## SERVICE LIST

Robert Borak, Esq.
Spector Rubin, P.A.
Continental Plaza
3250 Mary Street, Suite 304
Miami, Florida 33133
Robert.Borak@spectorrubin.com
Phone: (305) 537-2006
Fax: (305) 537-2001
Attorneys for A.W.L.I. Inc. and A.W.L.I. Florida

KATE S. GOODSELL, ESQUIRE
Cassidy & Black, P.A.
Dadeland Square at the Greenery Mall
7700 North Kendall Drive, Suite 505
Miami, Florida 33156
Telephone: (305) 271-8301
Facsimile: (305) 271-8302
e-mail: kgoodsell@marlaw.com
Attorneys for Plaintiff

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
NAVIGATORS MANAGEMENT COMPANY, INC. et al

**DEFENDANTS**
A.W.L.I. GROUP OF FLORIDA, INC., A.W.L.I. GROUP, INC. and CMA CGM

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Miami-Dade
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cassidy & Black, P.A., 7700 North Kendall Drive, Suite 505
Miami, Florida 33156

Attorneys *(If Known)*
De Leo & Kuylenstierna, P.A., 8950 SW 74th Court
Suite 1710, Miami, Florida 33156

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)* *(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☑ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | | ☐ 385 Property Damage Product Liability / ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ Accommodations / **Other:** | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Re-filed (See VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment  ☐ 8 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** *(See instructions):*
a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE                              DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §30701 Note (2007)
LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 15,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☑ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE  8/22/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #       AMOUNT       IFP       JUDGE       MAG JUDGE